# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

KENNETH DALE FULMER, )
)
    Movant, )
)
v. )    Case No.    CV614-019
)                 CR611-015
UNITED STATES OF AMERICA, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

Kenneth Dale Fulmer moves for 28 U.S.C. § 2255 relief.  Doc. 205.

Pursuant to a plea agreement under which the government agreed to

drop some charges, Fulmer pled guilty to drug conspiracy.  CR611-015,

doc. 180 at 1; doc. 185 at 1-2.[1]  The agreement called upon him to

> waive the right to appeal the conviction and sentence and the right
> to collaterally attack the conviction and sentence in any post-
> conviction proceeding, including a § 2255 proceeding, on *any*
> ground, except that: the defendant may file a direct appeal of his
> sentence if it exceeds the statutory maximum; and the defendant
> may file a direct appeal of his sentence if, by variance or upward
> departure, the sentence is higher than the advisory sentencing
> guideline range as found by the sentencing court.

---

[1]  All record citations are to the docket sheet for this criminal case. All pinpoint
citations are to the page number assigned by the Court's electronic filing system to
the upper right hand corner of each page.

Doc. 185 at 3 (emphasis added); *see also id.* at 8 (similar provision). When all of this was explained to him during his guilty plea hearing, Fulmer stated under oath that he understood these terms. Doc. 202 at 8, 43, 48-49, 51-52.

The Court thus accepted his plea (doc. 202 at 61) and sentenced him to 184 months, below the statutory and sentence-guideline maximum. Doc. 180 at 2; Feb. 27, 2012 Presentence Investigation Report at 19. Two days later, and despite his double waiver of his right to a direct appeal and to collaterally attack his conviction, Fulmer appealed. Doc. 188. The government successfully moved the Eleventh Circuit to dismiss the appeal pursuant to terms of the waiver. Doc 204 (Dec. 3, 2012 judgment dismissing appeal).

In moving for § 2255 relief, Fulmer insists, *inter alia*, that he received ineffective assistance of counsel resulting from counsel's failure to object at sentencing and on appeal to the use of a sentencing factor that raised his sentence "above the top-end of his advisory guidelines range." Doc. 205 at 3. Upon preliminary review under the Rule 4(b) of the Rules Governing Proceedings under 28 U.S.C. § 2255, his motion should be denied.

# I. ANALYSIS

## A. Timeliness

Once the Eleventh Circuit denies a direct appeal, a defendant has 90 days to appeal to the United States Supreme Court. That period runs from the date the circuit court enters its judgment, not when it issues its mandate. Sup. Ct .R. 13; *Close v. United States*, 336 F.3d 1283, 1284-85 (11th Cir. 2003). When that step is not taken, the appellate judgment becomes final 90 day after its entry. *Jeffries v. United States*, No. 13-10730, ___ F. 3d ___, 2014 WL 1614286 at * 3 (11th Cir. April 23, 2014). That, in turn, triggers 28 U.S.C. § 2255(1)'s one-year period for filing a § 2255 motion. *Id.*; *Close,* 336 F.3d at 1285.

Fulmer thus had 455 days (365 + 90) from the Dec. 3, 2012 entry of the Eleventh Circuit's judgment within which to file his § 2255 motion here (hence, until March 3, 2014). *Jeffries*, 2014 WL 1614286 at * 3; *McWhorter v. United States*, 2014 WL 495260 at * 2 (M.D. Ala. Feb. 5, 2014). Fulmer signed his § 2255 motion on March 2, 2014. Doc. 205 at 9. He does not indicate when he placed it in his prison's mail system. His envelope bears a March 12, 2014 postmark date. Doc. 205 at 10. But under the "prison mailbox rule," a prisoner's documents are deemed

filed at the moment the prisoner delivers them to prison authorities for forwarding to a court clerk. *Jeffries*, 2014 WL 1614286 at * 3. And courts "assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Id.* at * 4. In fact, "[t]he burden is on the Government to prove the motion was delivered to prison authorities on a date other than the date the prisoner signed it." *Id.*; *Nix v. United States*, 2013 WL 6188976 at * 2 (S.D. Fla. July 19, 2013). Because this case is still in Rule 4(b) screening mode, the Government has not had a chance to make such a showing. For the *moment*, then, the Court concludes that Fulmer's § 2255 motion is timely filed because Fulmer signed his § 2255 motion on March 2, 2014.

## B. Waiver

Waivers similar to Fulmer's have been upheld on appeal. *See, e.g.*, *United States v. Orozco-Picazo*, 391 F. App'x 761, 769 (11th Cir. 2010) (defendant's appeal waiver in pleading guilty to drug and gun conspiracy charges precluded appellate review of his claim that district court erred in imposing consecutive sentences; district court questioned defendant concerning appeal waiver during plea colloquy, and it did not impose sentence that was higher than that called for by advisory guidelines);

*Angarita v. United States*, 2010 WL 2872737 at * 2 (S.D. Fla. Jul. 20, 2010) (upholding substantively similar waiver). To that end,

> [a]n appeal waiver or collateral-attack waiver is valid if a defendant enters into it knowingly and voluntarily. *See Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350–55 (11th Cir. 1993). In this circuit, such waivers have been enforced consistently according to their terms. *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006) (collecting cases). To enforce such a waiver, the government must demonstrate either that (1) the district court specifically questioned the defendant about the waiver during the change of plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver.

*Warren v. United States*, 2011 WL 5593183 at * 5 (M.D. Ala. Oct. 26, 2011). Fulmer doesn't acknowledge his waiver, other than noting that his direct appeal was lost due to it. Doc. 205 at 2. And his sentence exceeded neither the statutory nor the sentencing-guideline maximum.

He does allege, however, that his "plea of guilty was not intelligent and voluntary because counsel was ineffective for failing to advise him that he was subject to a six level upwards departure under the guidelines." Doc. 205 at 6-7. Construed liberally, he may be said to be invoking the "involuntariness" ground for invalidating his guilty plea, and thus attacking his waiver. While a defendant's double waiver of both his right to a direct appeal and to collaterally attack his conviction

generally precludes him from advancing an ineffective assistance of counsel claim in a § 2255 motion, *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005), the waiver does not bar the defendant from asserting an ineffective assistance of counsel claim related to the validity of defendant's guilty plea itself. *See Patel v. United States*, 252 Fed. App'x 970, 974–75 (11th Cir. 2007); *Johnson v. United States*, 2013 WL 6799204 at * 4 (M.D. Fla. Dec. 23, 2013); *see also Hurlow v. United States*, 726 F.3d 958, 965 (7th Cir. 2013) (a direct or collateral review waiver does not bar a challenge regarding the validity of a plea agreement (and necessarily the waiver it contains) on grounds of ineffective assistance of counsel; a defendant need not have alleged that his counsel was ineffective in the negotiation of the waiver provision of his plea agreement specifically; *id.* ("an attorney's ineffectiveness with regard to the plea agreement as a whole, and not just the specific waiver provision at issue, renders the waiver unenforceable.").[2]

Thus, an appellate and collateral-attack waiver will bar the movant's ineffective assistance claim "to the extent it addresses matters

---

[2] Upon determination that the defendant understood what he was waiving, district courts in this circuit otherwise uphold collateral appeal waivers. *See, e.g., United McClendon v. United States*, ___ F. Supp. 2d ___, 2014 WL 358980 at * 3-4 (S.D. Ga. Mar. 10, 2014).

other than the assistance he received in connection with the plea agreement, [but] the claim is *not* barred to the extent it does address that issue." *Smith v. United States*, 2013 WL 6632637 at * 1 (N.D. Ill. Dec. 16, 2013) (emphasis added).[3]  Hence, if the record reveals that the movant did *not* receive ineffective assistance of counsel in the very process of entering into his guilty plea, then there is no need for a hearing and the Court can rule on that claim on the merits. *Patel,* 252 F. App'x at 975; *Johnson*, 2013 WL 6799204 at * 4-8.

Here, Fulmer's claim that his attorney was ineffective in failing to advise him that he was subject to a six-level upwards departure under the guidelines fails in light of the plea-colloquy warning him that he could not rely on his lawyer's advice or projections on sentence, and that he could only appeal a sentence in excess of the statutory or sentencing guidelines.[4]  "[A]n erroneous sentencing prediction by counsel is not

---

[3] "'In order to make out a claim for ineffective assistance of counsel in the context of a guilty plea, a defendant must show (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial.' *Bethel v. United States*, 458 F.3d 711, 716 (7th Cir. 2006)." *Smith*, 2013 WL 6632637 at * 1.

[4] Fulmer expressed his understanding that he could *not* appeal except on statutory and guideline-exceeding sentence grounds.  Doc. 202 at 42-43.  That followed this exchange between Fulmer and the district judge:

ineffective assistance of counsel where, as here, an adequate plea hearing was conducted." *Solorio-Reyez v. United States*, 2011 WL 3684843 at * 3 (N.D. Ga. July 14, 2011); *see also United States v. Jones*, 336 F.3d 245, 254 (3d Cir. 2003) (counsel not ineffective for allegedly promising defendant a sentence of "no more than 71 months" where defendant was advised in an open-court colloquy of the potential maximum sentence and there were no other promises regarding the sentence); *United States v. Andrews*, 2014 WL 1464305 at *5 (E.D. Pa. Apr. 15, 2014).

Fulmer, for that matter, does not claim that his lawyer misled him as to any of the plea agreement's terms, much less coerced him.[5]

---

THE COURT: You have reviewed the guidelines, Mr. Hube, and Mr. Barber [counsel for Fulmer and his co-defendant wife]. The lawyers have [been] conscientious. They go through these guidelines that I will have to go through. They can make a mistake. *The sentence could be for a longer period of time than they calculated.* All they can do is predict what the probation officer is going to find in the investigation. If you have been truthful with them, there are not going to be any surprises. *But whatever your lawyer told you about the sentencing range is what he believes, but it is not necessarily always accurate.* Do you understand that, Mrs. Fulmer?

MRS. FULMER: Yes, sir.

THE COURT: Mr. Fulmer?

MR. FULMER: Yes, sir.

Doc. 202 at 38-39 (emphasis added; paragraph spacing omitted).

[5] From the plea-colloquy:

*Compare Patel*, 252 F. App'x at 975 (movant's allegation that his plea was involuntary because his attorney and family members coerced him into pleading guilty could be entertained in a § 2255 motion despite a collateral attack waiver in his plea agreement). Nor does he allege, as he otherwise must, *Smith*, 2013 WL 6632637 at *1, that he would have rejected the plea offer and gone to trial but for that advice. "Like the movant in *Patel*, [Fulmer's] assertion of ineffective assistance is [simply] a last-minute attempt to escape the preclusive effect of [his] appeal waiver." *Ortiz v. United States*, 2013 WL 5503005 at * 4 (S.D. Ga. Oct. 2, 2013) (quotes and cite omitted).

By agreeing to waive his right to pursue such defenses, Fulmer entered into a bargain that the government has not breached. "That merchandise cannot be returned." *McClendon*, 2014 WL 358980 at * 3; *see also United States v. Whitney*, 468 F. App'x 637, 638 (7th Cir. Jun.

---

THE COURT: Thank you. Mr. Fulmer, did you give [your lawyer] your approval or your . . . consent to negotiate this plea with the government?

MR. FULMER: I did.

THE COURT: Did he in any way try to force you to do that?

MR. FULMER: No.

Doc. 202 at 41.

2012) (upholding "on any ground" appellate waiver); *United States v. Johnson*, 480 F. App'x 229, 231 (4th Cir. 2012) (upholding waiver of right to appeal "the conviction and any sentence within the statutory maximum" on "any ground whatsoever"); *McCullough v. United States*, 2012 WL 3113990 at *3 (S.D. Ga. July 31, 2012) ("Allowing a movant to attack his sentence after executing a knowing and voluntary appeal and collateral-appeal waiver would permit a defendant to circumvent the terms of the . . . waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless.") (quotes and cite omitted); *Gweh v. United States*, 2013 WL 140635 at * 3 (S.D. Ga. Jan. 9, 2013).[6]

## II. CONCLUSION

Kenneth Dale Fulmer's 28 U.S.C. § 2255 motion (doc. 484) should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga.

---

[6] Some courts also apply a "miscarriage of justice" exception. *United States v. Ruiz-Gonzalez*, 427 F. App'x 22, 25 (1st Cir. 2011) ("However, even if the waiver is knowing and voluntary, we retain discretion not to enforce the waiver if it would result in a 'miscarriage of justice.") (quotes and cite omitted); 9 Fed. Proc., L. Ed. § 22:969 (Mar. 2014) ("An illegal sentence may constitute a miscarriage of justice, so as to support not enforcing the defendant's waiver in a plea agreement of the right to appeal."); Ann., *Validity and effect of criminal defendant's express waiver of right to appeal as part of negotiated plea agreement*, 89 ALR 3D 864 § 3.4 (collecting cases). Fulmer does not raise this exception.

Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 29ᵗʰ day of April, 2014.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA